**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN NELSON** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. H-05-0294** |
| | § | |
| **MGM GRAND HOTEL, L.L.C.,** | § | |
| **MGM GRAND RESORTS, L.L.C., AND** | § | |
| **MGM MIRAGE** | § | |

**PLAINTIFF JOHN NELSON'S RESPONSE TO DEFENDANTS'**
**REPLY BRIEF IN SUPPORT OF THEIR MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff John Nelson and files this, his Response to Defendants' Reply

Brief in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or,

Alternatively, Motion to Transfer Venue, and respectfully shows the Court as follows:

**I.**

**ARGUMENT AND AUTHORITIES**

A.      **Defendants are Subject to Personal Jurisdiction in Texas**

Defendants have failed to carry "the burden of negating all bases of personal

jurisdiction." *Bellorin v. Bridgestone Firestone, Inc.,* 236 F. Supp. 2d 670, 678 (W.D. Tex.

2001). Other than making the conclusory, self-serving statement that Defendants maintain a

separate accounting system from their local marketing company, Destron, Inc. d/b/a MGM

Mirage Marketing (hereinafter "MGM MM"), Defendants offer no rebuttal evidence for their

contention that they are not subject to jurisdiction.

Defendants offer no evidence that MGM MM maintains a separate accounting system

other than a conclusory affidavit submitted by Bryan Wright. (*See* Exhibit A to Defs.' Reply

Br.). In that affidavit, Wright simply states that MGM MM "maintains its own accounting records separate and apart from MGM Mirage and every other MGM Mirage affiliated entity" and that MGM MM "maintains separate bank accounts, payroll records, personnel records and files its own tax returns." (*See id*.). These conclusory statements are not facts and are inadequate to satisfy Defendants' burden of proof that jurisdiction is improper in Texas. *See Douglass v. USAA*, 79 F.3d 1415, 1429 (5th Cir. 1996) (conclusory, speculative and unsubstantiated assertions will not satisfy the party's burden). Further, other than Wright's affidavit, Defendants have presented no evidence to rebut Plaintiff's other contentions that jurisdiction is proper in Texas. Instead, Defendants completely ignore Plaintiff's clear, detailed evidence of Defendants' control over MGM MM's employees, daily business activities, debt collection, advertising, solicitation, etc., all of which are sufficient to confer jurisdiction over Defendants in the State of Texas.

Defendants also attempt an "end run" around the personal jurisdiction analysis by focusing on each of Defendants' contacts *in isolation*, thereby concluding that jurisdiction is improper. (*See* Defs.' Reply Br., at pp. 12-13). Courts are clear their task is to evaluate a defendant's contacts with the forum state over a reasonable number of years, up to the date the suit was filed, not to consider each contact in isolation as if it were the only available fact. *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 717 (5th Cir. 1999). Plaintiff would agree that each contact, standing alone, would be insufficient to confer jurisdiction. However, as is readily apparent from Plaintiff's Response, that situation is not before this Court. In fact, the opposite is true: Defendants' maintain such continuous and systematic contacts through its employees' sales trips, marketing campaign, interactive website and solicitation in

Texas that Defendants should "reasonably anticipate being hailed into court" here. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).

Defendants have clearly failed to carry their burden and negate all bases of personal jurisdiction in this case. Therefore, this Court should deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

### B.      Venue Is Proper in the Southern District of Texas

The facts of this case are straightforward and center on activities that took place between Plaintiff John Nelson and the MGM Defendants. Simply stated, Plaintiff has been defrauded.

As stated above, jurisdiction is proper over Defendants in the State of Texas. Pursuant to 28 U.S.C. § 1391(a) and (c), venue in a diversity suit lies against a corporate defendant in any district where the corporation "resides," and a corporation resides in any district in which it is subject to jurisdiction. *Gorman v. Grand Casino of Louisiana*, 1 F. Supp. 2d 656, 660 (E.D. Tex. 1998). Thus, Defendants reside in this District and venue is proper in the Southern District of Texas, Houston Division.

Defendants contend this case must be transferred "for the convenience of parties and witnesses" pursuant to 28 U.S.C. § 1404(a). However, Defendants bear the burden of demonstrating to the Court that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.) *cert. denied*, 493 U.S. 935 (1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The Courts' determination of whether to transfer a case is reviewed under an abuse of discretion standard. *U.S. v. Hemmingson*, 157 F.3d 347, 356-57 (5th Cir. 1998).

**1.      Convenience of the witnesses.**

Defendants argue at great lengths that convenience of the witnesses is the most important and conclusive factor in determining whether a case should be transferred pursuant to 28 U.S.C. § 1404(a).  However, the trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet,* 868 F.2d at 1436.  In the instant case, Defendants fail to prove with particularity the reasons why they are inconvenienced in the Southern District of Texas, Houston Division.  *See Young v. Armstrong World Indus., Inc*., 601 F. Supp. 399, 401 (N.D. Tex. 1984).  Defendants have the burden of demonstrating why the forum should be changed, and "carry a strong burden to prove that [the convenience] factors clearly favor such a change."  *See In re Triton Ltd. Securities Litigatio*n, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999).

In support of their contention that venue is more convenient in Nevada, Defendants list "over 20 MGM Grand employees with knowledge regarding [Nelson's] gambling activities at MGM Grand."  (*See* Defs.' Reply Br., at p. 4).  As admitted by Defendants, the twenty persons listed as witnesses are employees of the MGM Grand.  However, Defendants fail to identify which, if any, of these employees are key witnesses, or to provide this Court with a brief summary of their testimony to demonstrate why it would be inconvenient for them to testify in Houston, Texas.  *See SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co*., 113 F. Supp. 2d 1101, 1104 (S.D. Tex. 2000); *see also Young*, 601 F. Supp. at 401 (stating that movants "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover").  Defendants merely submitted an affidavit of Mark Whitmore, which names the witnesses and that they had "some involvement with Nelson" or "knowledge

concerning the events underlying Nelson's allegations." (*See* Affidavit of Mark Whitmore, attached to Defs.' Motion to Dismiss as Exhibit C). Defendants have failed to introduce any evidence that testimony of even one of these twenty employees is necessary for trial in this matter. *See SMI-Owen*, 113 F. Supp. 2d at 1101. As noted by the *Young* court:

> If a party has merely made a general allegation that witnesses will be necessary without identifying them **and indicating what their testimony will be**, the application for transfer will be denied.

*See Young*, 601 F. Supp. at 401-02 (emphasis added). In addition, where, as here, witnesses are employees of the defendant, this Court has held that their convenience is given less weight because the party will be able to compel their testimony at trial. *See Continental Airlines v. American Airlines*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992).

Further, the convenience of "one key witness may outweigh a great number of less important witnesses." *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Young*, 601 F. Supp. at 401. As Defendants readily note, the one key witness to this cause of action is John Nelson, who resides in Houston, Texas. Although Defendants are quick to allege that "Nelson is a multi-millionaire who is certainly not inconvenienced" because he routinely travels to Las Vegas, Defendants fail to disclose to this Court that they **paid** for all of his trips to Las Vegas over the past ten years, including the trip made the basis of this lawsuit, to entice him to gamble at the MGM Grand Casino. (*See* Defs.' Reply Br., at p. 5).

In addition, Plaintiff will call employees of Southwest Bank of Texas as witnesses since one of his causes of action arises out of the fact that he ordered Defendants to make a wire transfer of his money from the MGM Grand Casino to Southwest Bank of Texas in Houston on three occasions, two of which Defendants failed to execute. As non-party witnesses, the court has greater concern for their convenience. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d

757, 774 (E.D. Tex. 2000).  The testimony of the bank employees will include wire transfer

procedures, receipt of any wire transfers from Defendants, whether any attempts were made by

Defendants to transfer Plaintiff's money, and the length of time it takes for the bank to send

and/or receive wire transfers.  Plaintiff will also call Joan Riley, Matt Davis, and other

employees of MGM MM who work in the Dallas and Houston offices.  The MGM MM

employees are familiar with the Defendants' comps policies, Nevada gaming regulations and

statutes, and are licensed by the state of Nevada.  Moreover, as both Riley and Davis testified,

MGM MM shares databases with Defendants, which contain detailed information about

Defendants' customers, including Plaintiff.  (*See* Deposition of Joan Riley, attached to Pl.'s

Resp. as Exhibit C, at p. p. 44; Deposition of Matt Davis, attached to Pl.'s Resp. as Exhibit E, at

p. 37).  This information is discoverable and readily accessible by the parties here in Houston.

Based on the foregoing, Defendants' have failed to prove with particularity the reasons

why they would be inconvenienced in the Southern District of Texas, Houston Division.  Thus,

the convenience of the parties and the witnesses does not support transfer of this case to Nevada.

### 2. The plaintiff's choice of forum is a paramount consideration.

Contrary to Defendants' assertions that a plaintiff's choice of forum is not accorded great

deference, the law states otherwise.  "A plaintiff's choice of a proper forum is a ***paramount***

***consideration*** in any determination of a transfer request, and that choice should not be lightly

disturbed."  *See Young*, 601 F. Supp. at 401 (emphasis added); *see also Ledoux v. Isle of Capri*

*Casinos, Inc*., 218 F. Supp. 2d 835, 837 (E.D. Tex. 2002) (stating that the "plaintiff's choice of

forum is given a great deal of deference in § 1404(a) analysis"); *Engel v. W.R. Berkley Corp*.,

2001 WL 238113, at *7 (N.D. Tex. Mar. 6, 2001)(stating that the plaintiff's choice of forum is

given paramount consideration in determining whether a case should be transferred).  Further, as

recognized by one court, the "judicial system inherently provides a plaintiff with his choice of forum." *See Triton*, 70 F. Supp. 2d at 688. As a resident of Houston, Texas, Plaintiff's choice to litigate his suit here should not be disturbed unless the balance of factors weighs strongly in Defendants' favor. *See United Sonics, Inc. v. Shock*, 661 F. Supp. 681, 683 (W.D. Tex. 1986). As stated above and in more detail in Plaintiff's Response, Defendants' have failed to carry their burden that this case should be transferred to the District of Nevada. Thus, Plaintiff's choice to litigate this case in the Southern District of Texas, Houston Division should not be disturbed. *See Dupre*, 810 F. Supp. at 828 (stating that "it is this Court's consistent practice to honor a plaintiff's choice of forum, where factually justified").

**3.      Choice of law.**

Defendants assert repeatedly that this case is governed by Nevada law. (*See* Defs.' Reply Br., at pp. 7-8). Although applicable law is one consideration in the Court's analysis, this factor is generally given little weight. *See IBEW-NECA Southwestern Health & Benefit Fund v. Gurule*, 2003 WL 21281652, at *5 (N.D. Tex. May 22, 2003) (whether or not a foreign jurisdiction's law applies weighs neither in favor nor against transfer of the case); *Engel*, 2001 WL 238113, at *8 (the argument that another forum's law may apply "carries little weight" and that courts are "frequently called upon to apply the laws of other jurisdictions in diversity cases"). As such, the fact that Nevada law may apply to some of Plaintiff's claims in this case does not support transfer to the District of Nevada.

**II.**

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Jurisdiction or, Alternatively, Motion to Transfer Venue should be denied. Defendants are clearly subject to jurisdiction in Texas through their relationship with MGM MM and their continuous and systematic contacts with the State of Texas.

In addition, the convenience of the parties and witnesses and the other factors clearly outweigh any basis for transfer to Nevada. Further, as Defendants are corporations subject to jurisdiction in the State of Texas, pursuant to 28 U.S.C. § 1391(a) and (c), a corporation resides in any district in which it is subject to jurisdiction. Thus, venue is proper in this Court and the interests of justice will best be served by denying Defendants' Motion to Transfer Venue.

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN L.L.P.**

s/ Katherine T. Mize
TBA 00784617
6363 Woodway, Suite 400
Houston, Texas 77057
Telephone:     (713) 917-0888
Telefax:        (713) 953-9470
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

X350-137.Response.Reply.doc

OF COUNSEL:
Brenton J. Allison
Legge, Farrow, Kimmitt, McGrath & Brown L.L.P.
Fed. ID. No.  36863

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record on this 11th day of May 2005 as follows:

Jeremy L. Doyle                                          *Certified Mail – RRR*
Brian T. Ross
Gibbs & Bruns, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002

Todd L Bice                                              *Certified Mail - RRR*
Schreck Brignone
300 South Fourth St., Ste 1200
Las Vegas, NV 89101

s/ Katherine T. Mize
Katherine T. Mize